Justin T. Toth (8438)
Nathan Jepson (17141)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P. O. Box 45385
Salt Lake City, UT 84145-0385
Tel: (801) 532-1500
Email: jtoth@rqn.com
 njepson@rqn.com

*Attorneys for Plaintiffs*

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH

| | |
|---|---|
| EMILY M. ESTRADA, an individual, and DAVID J. BATEMAN, an individual, | **COMPLAINT** |
| Plaintiffs, | Case No. 2:23-cv-00134-JNP |
| v. | Judge Jill N. Parrish |
| DOES 1-20, | |
| Defendants. | |

Plaintiffs Emily M. Estrada and David J. Bateman ("Plaintiffs") bring this action against Doe Defendants 1-20 (the "Doe Defendants") and state as follows:

**NATURE OF THE CASE**

The Doe Defendants are (currently unidentified) individuals who are residents of the State of Utah who misappropriated Plaintiffs' checking account information. Using that checking account information, the Doe Defendants stole almost $180,000.00 from Plaintiffs' checking account by (1) transferring funds to the Doe Defendants' accounts (2) making

purchases of items through online accounts owned by the Doe Defendants. Through this lawsuit, Plaintiffs seek damages for conversion of their funds.

Plaintiffs, who are residents of Puerto Rico, have a good faith basis for believing that their bank account information was stolen by Utah residents while Plaintiffs were traveling in Utah. However, the identities of the Doe Defendants are not yet known because the Doe Defendants have concealed their public identities on the accounts used to facilitate their theft. As a preliminary step to recovering damages, Plaintiffs need to conduct discovery to learn the identities of the Doe Defendants. Specifically, Plaintiffs believe that they can obtain this information from online vendors through which the Doe Defendants entered thousands of unauthorized and wrongful transactions. To do so, Plaintiffs need to issue subpoenas to the online vendors to obtain information to identify the owner(s) of those accounts used to steal Plaintiffs' money. Without the ability to issue subpoenas, Plaintiffs will lack any remedy to recover their stolen funds. Such an outcome would only serve to encourage more wrongful and illegal internet activity because any wrongdoer could evade liability by simply creating anonymous or unidentifiable account information.

**PARTIES**

1. Plaintiffs Emily Estrada and David Bateman are husband and wife and are residents of Puerto Rico, an unincorporated territory of the United States of America.

2. Upon information and belief, Plaintiffs' financial information was misappropriated while they were travelling in Utah.

3. Upon information and belief, Defendants Does 1-20 (the "Doe Defendants") are residents of the State of Utah and none of the Doe Defendants are residents of Puerto Rico.

4. The Doe Defendants are currently unidentifiable persons or entities who have wrongfully entered online transactions using Plaintiffs' financial information, including through eBay, Inc. ("eBay"), Ipsy, Inc. ("Ipsy"), Sheins, Inc., ("Sheins"), Roku, Inc. ("Roku"), PayPal, Inc. ("Paypal"), and other online vendors.

5. The identities of the Doe Defendants can be ascertained through eBay, Ipsy, Sheins, Roku, and PayPal, where, among other places, the Doe Defendants entered thousands of unauthorized and wrongful transactions by wrongfully and illegally using Plaintiffs' financial information.

6. Plaintiffs will exercise due diligence to determine Doe Defendants' true names and contact information. Once this information is ascertained, Plaintiffs will amend this Complaint and effect service upon those Doe Defendants.

## JURISDICTION AND VENUE

7. This Court has original diversity jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000 and Plaintiffs and the Doe Defendants are citizens of different states.

8. Plaintiffs' good-faith allegations as to the citizenship of the Doe Defendants are sufficient to establish diversity jurisdiction. *See, e.g.*, *Hartford Cas. Ins. Co. v. Trinity Universal Ins. Co. of Kansas*, 158 F. Supp. 3d 1183, 1193 (D.N.M. 2015) (finding original diversity jurisdiction in case involving John Doe defendants); *Macheras v. Ctr. Art Galleries--Hawaii, Inc.*, 776 F. Supp. 1436, 1440 (D. Haw. 1991) (finding original diversity jurisdiction in case involving John Doe defendants); *Van de Grift v. Higgins*, 757 F. Supp. 2d 1139, 1141 (D. Utah 2010) (finding that diversity jurisdiction over John Doe defendants requires a "good-faith

allegation as to the citizenship" of those defendants).

9. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2), because this judicial district is where "a substantial part of the events or omissions giving rise to the claim occurred," and "a substantial part of [the] property that is the subject of the action is situated."

10. Plaintiffs may properly bring this action to pursue discovery to identify the Doe Defendants. *See, e.g.*, *Living Scriptures v. Doe(s)*, 2010 WL 4687679, at *1–2 (D. Utah Nov. 10, 2010) (finding good cause to pursue discovery to identify Doe defendants); *Warner Bros. Recs. v. Does 1-4*, 2007 WL 1960602, at *2 (D. Utah July 5, 2007) (finding good cause to pursue discovery to identify Doe defendants). *See also Bodyguard Prods. v. Does 1-25*, 2018 WL 5849473 (D. Utah Nov. 8, 2018); *ME2 Prods., Inc. v. Does 1-26*, 2019 WL 1746310 (D. Utah Apr. 18, 2019) (same); *Arista Recs. LLC v. Does 1-19*, 2008 WL 10874285 (D. Utah Jan. 11, 2008) (same).

**GENERAL ALLEGATIONS**

11. Plaintiffs Emily Estrada and David Bateman were married and have resided in Puerto Rico since 2021. Plaintiffs share a joint checking account at FirstBank Puerto Rico ("FirstBank").

12. In November 2022, Plaintiffs discovered that their personal financial information had been compromised. Specifically, they learned that, although they maintained possession of their debit cards, their debit card information had been used to enter thousands of unauthorized transactions and transfer almost $180,000.00 from their shared checking account.

13. Based on their financial records, Plaintiffs have identified each of the unauthorized transactions, which took place between December 12, 2021, and December 28,

2022.

14. The transactions include thousands of purchases from multiple online vendors, including eBay, Ipsy, Sheins, Roku, and others.

15. In addition, Plaintiffs' records show that thousands of dollars were wrongfully transferred from Plaintiffs' account using PayPal.

16. The total sum of the wrongful purchases and cash transfers from Plaintiffs' checking account is $179,247.89.

17. In the ordinary course, Plaintiffs' checking account has a high volume of transactions. Because of this, Plaintiffs did not immediately detect the wrongful and unauthorized transactions.

18. On December 16, 2022, Plaintiffs submitted a claim letter to FirstBank, providing details of the unauthorized transactions and seeking to have the money refunded (the "Claim Letter"). A copy of the Claim Letter is attached as Exhibit A.

19. On January 5, 2023, FirstBank confirmed that it would credit a total of $31,260.49 back to Plaintiffs' account. Copies of FirstBank's communications are attached as Exhibit B.

20. Plaintiffs have been residents of Puerto Rico since approximately Feburary 2021. However, on December 12, 2021, the date of the first fraudulent transaction, Plaintiffs were travelling in Utah for several days. At that time, Plaintiffs had possession of their debit cards and were actively using them in Utah.

21. Upon information and belief, Plaintiffs' debit card information was stolen while they were in Utah.

22. Upon further information and belief, the Doe Defendants who stole Plaintiffs' debit card information are located in Utah and are Utah residents and not residents of Puerto Rico.

23. As a result of the Doe Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial, but not less than $147,987.40—which is the sum of all unauthorized transactions and cash transfers from Plaintiffs' account less the amounts reimbursed by FirstBank.

## CLAIM FOR RELIEF
### (Conversion)

24. Plaintiffs incorporate by this reference the allegations set forth in each of the foregoing paragraphs as if fully set forth herein.

25. The foregoing conduct constitutes conversion of Plaintiffs' funds which were held in a checking account at FirstBank.

26. The account at FirstBank belonged to Plaintiffs and the funds contained in that account belonged to Plaintiffs.

27. Plaintiffs were entitled to the exclusive and immediate possession of those funds at the time they were wrongfully taken by the Doe Defendants.

28. Doe Defendants acted intentionally to misappropriate Plaintiffs' financial information and enter thousands of wrongful and unauthorized online transactions totaling $179,247.89.

29. Doe Defendants actions have deprived Plaintiffs of their right to possess the funds in their account.

30. As a direct result of Doe Defendants' actions, Plaintiffs have been damaged in an amount to be proven at trial, but in no event less than $147,987.40.

31. Plaintiffs are therefore entitled to relief as set forth below in the Prayer for Relief.

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs Emily Estrada and David Bateman pray for judgment against Doe Defendants 1-20 as follows:

A. On Plaintiffs' Claim for Relief, asserting a claim for conversion against Does 1-20, for judgment against Does 1-20 for conversion in an amount to be proven at trial but not less than $147,987.40.

B. For Plaintiffs' fees and costs incurred in bringing this action;

C. For pre- and post-judgment interest;

D. For such other further relief as the Court deems necessary, just, and appropriate.

DATED this 23rd day of February 2023.

**RAY QUINNEY & NEBEKER P.C.**

 /s/ Nathan Jepson
Justin T. Toth
Nathan Jepson

*Attorneys for Plaintiffs*

1628206